LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION
Joseph R. Manning, Jr. (SBN 223381)
4667 MacArthur Blvd., Suite 150
Newport Beach, California 92660
Telephone: 949.200.8755
Facsimile:  866.843.8308
Email:  info@manninglawoffice.com

Attorneys for Plaintiff MARLENE Y. BAILEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MARLENE Y. BAILEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SPECIALIZED LOAN SERVICING, LLC; NBS DEFAULT SERVICES, LLC; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA10; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO. 5:14-cv-1586-JGB-KKx<br><br>Hon. Jesus G. Bernal<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Date:　January 4, 2016<br>Time:　9:00 a.m.<br>Ctrm:　1<br><br>Complaint Filed:　July 7, 2014<br>Trial Date:　　　　March 15, 2016<br><br>(Removed from Superior Court of California, County of Riverside, Case No. PSC1403597) |

1       CASE NO. 5:14-CV-01586-JGB-KKx
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 4, 2016, at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Jesus Bernal, in Courtroom 1 of the United States Courthouse located at 3470 Twelfth Street Riverside, California 92501-3801, plaintiff MARLENE Y. BAILEY ("Plaintiff) will move this Court for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d).

This motion shall be based on this Notice, the Memorandum of Points and Authorities in Support, the Declaration of Joseph R. Manning, Jr. in Support, the Proposed Supplemental Complaint attached hereto, such evidence as is presented at the time of the hearing, and any other material the Court shall deem just and proper.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 11, 2015. The parties were unable to resolve the issues raised by this motion.

DATED: December 7, 2015          Respectfully submitted,

                                  THE LAW OFFICES OF JOSEPH R.
                                  MANNING, JR., APC


                                  By:   */s/ Joseph R. Manning, Jr.*
                                        Joseph R. Manning, Jr.
                                        Attorneys for Plaintiff MARLENE
                                        BAILEY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks to supplement her Complaint to assert facts and claims concerning the loan modification offered by SLS after the Complaint was filed. The modification agreement contained errors and rather than respond to Plaintiff's requests to correct the errors, SLS stopped accepting Plaintiff's mortgage payments and wrongfully foreclosed on Plaintiff's residence on October 13, 2015.

The supplemental complaint would add claims on this dispute over the loan modification agreement. Specifically, it would add claims for breach of the modification agreement, breach of the implied covenant of good faith and fair dealing, violation of California Civil Code § 2924.11 (under the California Homeowner's Bill of Rights), and negligence; and expand the current Cause of Action for violation of California Business and & Professions Code § 17200 to include Defendants' misconduct with respect to the modification as additional unlawful, unfair and fraudulent business practices. (A copy of the Proposed Supplemental Complaint is attached to the Declaration of Joseph R. Manning, Jr. as Exhibit A.)

## II. STATEMENT OF FACTS

On July 7, 2014, Plaintiff filed a Complaint against defendants SLS, BNYM, and NBS in California Superior Court for the County of Riverside. ("Complaint," Doc. No. 1-1.) The Complaint asserts nine causes of action relating to the foreclosure of Plaintiff's residence (the "Property"): (1) breach of security instrument; (2) wrongful foreclosure; (3) lack of standing to foreclose; (4) violation of California Civil Code § 2924.17; (5) declaratory relief; (6) intentional infliction

of emotional distress; (7) violation of California Business and Professions Code § 17200, et seq.; (8) slander of title; and (9) quiet title.[1]

In October 2014, SLS approved Plaintiff for a "standard trial to modification program." Plaintiff made all three trial plan payments and in February 2015 SLS sent Plaintiff the final loan modification agreement. Plaintiff immediately notified SLS of errors in the modification agreement; namely, the escrowed funds did not include the land lease payments for the Property as required under the Deed of Trust. SLS did not respond to Plaintiff's letter regarding the errors in the modification agreement and did not correct the errors in the modification agreement.

Nonetheless, Plaintiff continued to timely send certified funds each month for her monthly mortgage payments (as required by the modification agreement) along with multiple letters reminding SLS to correct the errors in the modification agreement. SLS wrongfully cancelled the modification on May 1, 2015, claiming "certified funds were not received causing the modification to be denied." SLS's stated basis for cancelling the modification is false. Plaintiff mailed certified funds to SLS for her March, April, May and June, 2015 modification payments. SLS accepted and cashed Plaintiff's payments. SLS later returned those payments to Plaintiff.

In August 2015, SLS sent Plaintiff an Escrow Analysis that confirms SLS failed to include the land lease payments in the escrowed amounts under the modification agreement. SLS has refused to correct its error and send Plaintiff a new modification agreement. Instead, SLS stopped accepting Plaintiff's mortgage payments and Defendants re-noticed a foreclosure sale of the Property by recording a new Notice of Sale on October 5, 2015.

---

[1] Defendants' motion for summary judgment was granted in part and denied in part (Doc. No. 33) and court trial is set for March 15, 2016 (Doc. No. 35).

Despite significant efforts on Plaintiff's part to reach a resolution outside of litigation, it became evident that Defendants will not remedy their violations. Consequently, Plaintiff filed a separate action in California Superior Court for the County of Riverside asserting claims related to the loan modification agreement and subsequently scheduled foreclosure.  Defendants represented to the superior court that the new action asserted the same causes of action based on the same facts and events that are the subject of the pending district court action and, thus, must be raised before this Court (which was simply not true as the events giving rise to the new claims occurred *after* the pending Complaint was filed).  However, believing Defendants' mischaracterization of the new lawsuit, the superior court denied Plaintiff's request for a temporary restraining order to enjoin the foreclosure sale and on October 13, 2015 the BNYM reacquired the Property at the foreclosure sale.

Defendants then filed a motion to quash the new complaint on jurisdictional grounds, claiming Plaintiff must bring her new claims in the pending action.  (A copy of Defendants' Motion to Quash is attached to the Declaration of Joseph R. Manning, Jr. as Exhibit B.)

Plaintiff has met and conferred with Defendants on the issue of filing the supplemental complaint.  Plaintiff suggested the parties stipulate to the filing of a supplemental complaint rather than litigating the claims in the separately filed action and dismissed without prejudice the separate superior court action (before the motion to quash was heard).  Even though Defendants' motion to quash insisted (albeit incorrectly) the new allegations must be brought in this action, on November 24, 2015 Defendants' counsel notified Plaintiff's counsel that Defendants would not stipulate to Plaintiff filing a supplemental complaint.  Consequently, Plaintiff was forced to bring this motion for leave to supplement her Complaint.

### III. LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(d), the court may permit a

1  party to supplement his or her complaint in order to set out "any transaction,
2  occurrence, or event that happened after the date of the pleading to be
3  supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) permits the filing of a
4  supplemental pleading which introduces a cause of action not alleged in the original
5  complaint and not in existence when the original complaint was filed." *Cabrera v.*
6  *City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (internal quotations
7  omitted). "The purpose of Rule 15(d) is to promote as complete an adjudication of
8  the dispute between the parties as possible by allowing the addition of claims which
9  arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT*
10 *Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1982).

11      The district court has "broad discretion" in ruling on a Rule 15(d) motion.
12 See *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). The same principles that
13 apply to a Rule 15(a) motion to amend apply to Rule 15(d) motions. Therefore,
14 leave to supplement should be freely given "in the absence of any apparent or
15 declared reason – such as undue delay, bad faith or dilatory motive on the part of the
16 movant, repeated failure to cure deficiencies by amendment previously allowed,
17 undue prejudice to the opposing party by virtue of allowance of the amendment,
18 futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The use of
19 Rule 15(d) is favored, and courts may use the rule as a "tool of judicial economy
20 and convenience." *Keith*, 858 F.2d at 473. Finally, Rule 15(d) should be interpreted
21 to "minimize technical obstacles to a determination of the controversy on its
22 merits." *Cabrera*, 159 F.3d at 382.

23      **A.    Plaintiff's Supplemental Complaint Alleges Facts And Claims Not**
24              **In Existence When the Current Complaint Was Filed**

25      The gravamen of Plaintiff's supplemental claims concern the loan
26 modification agreement and Defendants' improper calculation of the escrow
27 amounts under the terms of the agreement and failure to correct the errors. The facts
28

1 and events giving rise to these new claims did not exist until *after* the pending
2 Complaint was filed.
3 Defendants cannot argue they would be unfairly prejudiced by expanding the
4 scope of the litigation because it is their position that these new claims must be
5 litigated in this action rather than in a separate action.  Defendants' motion to quash
6 argued: "[P]laintiff is unlawfully creating separate venues to re-litigate claims
7 involving the same set of facts in both cases, forcing defendants to unnecessarily
8 incur additional fees and costs.  This Court should dismiss the action, and require
9 plaintiff to bring her claims in the pending District Court action." (Manning Dec.,
10 Ex. B, Defs. Mtn. to Quash, at 4:1-4.)
11 As discussed above, while it is simply not true that Plaintiff's supplemental
12 claims are an attempt to re-litigate the same causes of action alleged in the current
13 Complaint, Plaintiff agrees that judicial economy would be served by litigating all
14 the claims in this action rather than in a separate complaint since the claims all relate
15 to SLS's servicing of the loan and the defendants subsequent sale of the Property.

## IV. CONCLUSION

17 Because Plaintiff wishes to introduce new allegations materializing
18 subsequent to the filing of the original Complaint, and because the supplement will
19 serve Rule 15(d)'s goal of judicial economy and no prejudice will result to
20 Defendants, the Court should grant Plaintiff's motion for leave to file the
21 supplemental complaint.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

| | | |
|---|---|---|
| 1 | DATED: December 7, 2015 | Respectfully submitted, |
| 2 | | THE LAW OFFICES OF JOSEPH R. MANNING, JR., APC |
| 5 | | By:   */s/ Joseph R. Manning, Jr.* |
| 6 | | Joseph R. Manning, Jr.<br>Attorneys for Plaintiff MARLENE BAILEY |