UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-01586-JGB (KKx)** | Date | December 30, 2015 |
|---|---|---|---|
| Title | ***Marlene Y. Bailey v. Specialized Loan Servicing, LLC et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:     Order DENYING Plaintiff Marlene Y. Bailey's Motion for Leave to File a Supplemental Complaint (Doc. No. 36) (IN CHAMBERS)**

Before the Court is a Motion for Leave to File a Supplemental Complaint ("Motion") filed by Plaintiff Marlene Y. Bailey ("Plaintiff") (Doc. No. 36). The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers timely filed in support of and in opposition to the Motion, the Court DENIES Plaintiff's Motion and VACATES the January 4, 2016 hearing.

## I.   BACKGROUND

On July 7, 2014, Plaintiff filed a Complaint against defendants Specialized Loan Servicing, LLC ("SLS"), Bank of New York Mellon[1] ("BNYM"), and NBS Default Services, LLC ("NBS") in California Superior Court for the County of Riverside.[2] ("Complaint," Doc. No. 1-1.) The Complaint asserted nine causes of action relating to the foreclosure of Plaintiff's residence at 480 East Bogert Trail, Palm Springs, CA 92264 ("Bogert Trail Property"): (1) breach of security instrument; (2) wrongful foreclosure; (3) lack of standing to foreclose; (4) violation of California Civil Code section 2924.17; (5) declaratory relief; (6) intentional infliction of emotional distress; (7) violation of the California Unfair Competition Law ("UCL"),

---

[1] BNYM was formerly known as the Bank of New York and proceeds as the Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA10 Mortgage Pass-Through Certificates, Series 2006-OA10.

[2] NBS Default Services, LLC has not opposed Plaintiff's Motion. The Court's references to "Defendants," thus, refer to SLS and BNYM.

---

Cal. Bus. & Prof. Code § 17200, et seq.; (8) slander of title; and (9) quiet title.  (Compl. at 1.)
The Complaint's causes of action concerned allegations Defendants had wrongfully initiated
foreclosure proceedings on the Bogert Trail Property.  (See id. at 17-35.)

On August 1, 2014, Defendants removed the action to this Court.  (Doc. No. 1.)  On
August 8, 2014, Defendants filed an Answer to Plaintiff's Complaint.  (Doc. No. 9.)

On March 4, 2015, the Court issued a Civil Trial Scheduling Order, setting various
pretrial scheduling deadlines.  (Doc. No. 17.)  In the Order, the Court set March 30, 2015 as the
deadline for filing motions to amend the parties' pleadings.  (Id.)

On September 3, 2015, Defendants filed a Motion for Summary Judgment, seeking
judgment as a matter of law as to all nine causes of action against them.  (Doc. No. 23.)  On
October 29, 2015, the Court issued an order granting in part and denying in part Defendants'
Motion for Summary Judgment.  (Doc. No. 33.)  The Court granted the Motion for Summary
Judgment as to Plaintiff's first, third, fourth, fifth, sixth, eighth, and ninth causes of action
against Defendants.  (Id. at 16.)  The Court denied the Motion as to Plaintiff's second cause of
action for wrongful foreclosure (insofar as it was based on California Civil Code sections 2924b,
2924f, and 2924g) and seventh cause of action under the UCL (insofar as it was predicated on
Defendants' violation of California Civil Code section 2923.55).  (Id.)

On December 7, 2015, Plaintiff filed a Motion for Leave to File a Supplemental
Complaint, pursuant to Federal Rule of Civil Procedure 15(d).  (Doc. No. 36.)  In the Motion,
Plaintiff requests the Court's leave to file a supplemental complaint raising five additional causes
of action.  (Id. at 3.)  Plaintiff's proposed causes of action arise from allegations SLS breached a
loan modification agreement with Plaintiff in May 2015 – nearly a year after Plaintiff filed her
original Complaint and several months after the Court's scheduled deadline for amending the
parties' pleadings.  (Id. at 4.)

In support of the Motion, Plaintiff filed a declaration of Joseph R. Manning, Jr.
("Manning Decl.").  (Doc. No. 36-1.)  Plaintiff attached two exhibits to the declaration: (1) a
copy of Plaintiff's Proposed Supplemental Complaint; and (2) a copy of a Motion to Quash
Plaintiff's Complaint, filed by Defendants on October 29, 2015 in a related action in California
Superior Court for the County of Riverside.  (Doc. No. 36-2.)

On December 11, 2015, Defendants filed an Opposition to Plaintiff's Motion for Leave to
File a Supplemental Complaint.  (Doc. No. 37.)  On December 22, 2015, Plaintiff filed a Reply
to Defendants' Opposition.  (Doc. No. 40.)

The original Complaint's remaining claims are currently scheduled for trial on March 15,
2016.  (Doc. No. 35.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings.  Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d); see also Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010) (noting that "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed").

A trial court has broad discretion in deciding whether to permit a supplemental pleading.  See Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency.  See Planned Parenthood v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (stating that the goal of Rule 15(d) is to promote judicial efficiency).  In essence, Rule 15(d) "enabl[es] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted."  Keith, 858 F.2d at 473.  However, factors such as prejudice to the defendant, laches, or futility may weigh against allowing a supplemental pleading.  See id. 474-75.  Furthermore, even though supplemental pleadings are "favored," they "cannot be used to introduce a 'separate, distinct and new cause of action.'"  Neely, 130 F.3d at 402.  Rather, matters newly alleged in a supplemental complaint must have some relation to the claims set forth in the original pleading.  Keith, 858 F.2d at 474.

## III.   DISCUSSION

### A.     The Parties' Contentions

#### 1.      Plaintiff's Contentions

##### a.      Supporting Facts

Plaintiff presents the following facts in support of her Motion.  In October 2014, several months after Plaintiff filed her original Complaint alleging Defendants had wrongfully commenced foreclosure proceedings on the Bogert Trail Property, defendant SLS approved Plaintiff for a three-month "standard trial to modification program."  (Id. at 4.)  The program apparently allowed Plaintiff to make three modified monthly loan payments toward her mortgage loan on the Bogert Trail Property.  (Id.)  Plaintiff made the three trial plan payments.  (Id.)

In February 2015, SLS sent Plaintiff a final loan modification agreement offering to permanently modify Plaintiff's monthly loan payments.  (Id.)  Plaintiff immediately notified SLS of errors in the modification agreement.  (Id.)  SLS did not respond to Plaintiff's letter and did not correct the errors in the modification agreement.  (Id.)  Nonetheless, Plaintiff continued to timely send monthly loan payments according to the terms of the modification agreement, along with multiple letters reminding SLS to correct the errors in the agreement.  (Id.)

On May 1, 2015, SLS cancelled the loan modification agreement, claiming "certified funds were not received causing the modification to be denied." (Id.)  Plaintiff claims this rationale for cancelling the agreement was false because Plaintiff had mailed monthly loan payments according to the terms of the agreement for the months of March, April, May, and June 2015. (Id.)  Moreover, Plaintiff claims SLS accepted and cashed Plaintiff's payments. (Id.)  SLS later returned the amount of Plaintiff's payments after cancelling the agreement. (Id.)

In August 2015, SLS sent Plaintiff information confirming its prior loan modification agreement contained errors as Plaintiff had claimed. (Id.)  Nonetheless, SLS refused to correct these errors and did not send Plaintiff a new modification agreement. (Id.)  Instead, SLS re-commenced foreclosure proceedings and recorded a notice of foreclosure sale of the Bogert Trail Property for October 5, 2015. (Id.)  On October 13, 2015, BNYM reacquired the Property at the foreclosure sale. (Id. at 5.)

At some point after the notice of sale but before the sale transpired, Plaintiff filed an action in California Superior Court for the County of Riverside asserting claims related to the loan modification agreement and the scheduled foreclosure sale. (Id.)  Defendants filed a motion to quash the new complaint on jurisdictional grounds, contending Plaintiff's claims had to be brought in this action. (Id.; see also Manning Decl., Ex. B.)  Plaintiff then voluntarily dismissed the Superior Court action before Defendants' motion to quash was heard. (Mot. at 5.)

### b.      Legal Argument

Plaintiff requests she be allowed to file a supplemental complaint under Rule 15(d) raising the following five additional causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Civil Code section 2924.11; (4) negligence; and (5) violation of the California UCL. (Mot. at 3.)  Plaintiff's proposed causes of action arise from SLS's breach of its loan modification agreement with Plaintiff in May 2015 and from SLS's failure to correct errors in the agreement. (Id. at 4.)

Plaintiff contends Rule 15(d) permits her to raise such claims in a supplemental complaint.  Plaintiff argues that the claims are based on events that took place after her original Complaint was filed in July 2014. (Id. at 6-7.)  Moreover, these new claims are related to the claims in the Complaint in that they challenge SLS's foreclosure of the Bogert Trail Property. (Id. at 6-7.)  Plaintiff also argues Defendants would not be prejudiced by the filing of such claims because they themselves advocated that Plaintiff raise them in this action, when moving to quash Plaintiff's Superior Court action. (Id. at 7.)  Lastly, Plaintiff notes that it would be more efficient to resolve all of Plaintiff's claims regarding the foreclosure of the Bogert Trail Property in this action, rather than to require Plaintiff to file a separate action raising her new claims. (Id.)

### 2.      Defendants' Contentions

Defendants respond that they would be prejudiced if Plaintiff were permitted to file her proposed supplemental complaint.  Defendants argue the filing of the supplemental complaint would force them to address additional claims on the eve of trial and well after the summary

stage and the close of discovery in this action.  (Opp. at 2.)  Moreover, Defendants argue Plaintiff unreasonably delayed in filing her Motion.  (Id. at 4.)

**B.      Analysis**

The Court finds the interests of judicial efficiency favor denying Plaintiff's Motion. Here, Plaintiff does not appear to have unduly delayed in seeking to raise her new claims. Nonetheless, as Defendants contend, the Motion proposes adding many new claims to this action well after the close of discovery, after Defendants' filing of a motion for summary judgment, and only a few months before trial.  Moreover, these new claims, while related to Plaintiff's claims in her original Complaint, arise from distinct factual circumstances.  See Neely, 130 F.3d at 402 (noting supplemental pleadings "cannot be used to introduce a 'separate, distinct and new cause of action.'").  While Plaintiff's surviving claims from the original Complaint challenge whether Defendants initiated foreclosure proceedings on the Bogert Trail Property in accordance with California statutes, Plaintiff's claims in her proposed supplemental complaint revolve around SLS's breach of its loan modification agreement and could be the subject of a separate suit. Hence, given the late stage of the proceedings in this action and the nature of Plaintiff's new claims, the Court concludes it would be more efficient to deny Plaintiff's Motion and allow Plaintiff's new claims to be addressed in a separate action.

**IV.   CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Leave to File a Supplemental Complaint.

The Court VACATES the January 4, 2016 hearing.

**IT IS SO ORDERED.**